IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 14-cr-394-PWG** |
| **DARRELL LEE** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Darrell Lee's letter, ECF no. 60, which the Court is treating as a *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as well as his motion to appoint counsel. Mr. Lee is currently incarcerated at Edgefield FCI in Edgefield, South Carolina where he is serving a sentence totaling 184 months after pleading guilty to two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and one count of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). In his motion, he requests that the Court release him due to personal health risks associated with the COVID-19 pandemic. Def.'s Mot., ECF No. 60. I have reviewed Mr. Lee's submissions and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Mr. Lee's motions are DENIED.

## BACKGROUND

On November 5, 2014, Mr. Lee executed a plea agreement for the above counts. Plea Agreement, ECF No. 17. At sentencing, the Court determined Mr. Lee's Guideline Range was 262 to 327 months as to Counts 1, 2, and 3. Statement of Reasons, ECF No. 47. Despite this finding, the Court departed from the Guidelines and imposed a sentence of 184 months after

considering the Government's motion for a departure. *Id.* The Bureau of Prisons, as stated on bop.gov/inmateloc, projects Mr. Lee to be released on November 18, 2027.

The BOP facility where Mr. Lee is detained, Edgefield FCI, is currently experiencing zero active COVID-19 cases among inmates and zero active cases among staff. bop.gov/coronavirus/ (last visited May 5, 2021).

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Mr. Lee requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.[1] The First Step Act permits a defendant to petition a federal court directly after exhausting all administrative rights whenever "extraordinary and compelling reasons" warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Under the statute, I must do the following: (1) determine whether the petitioner has fully exhausted all administrative remedies or 30 days have passed since the BOP received the request; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.*

---

[1] The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). In 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018). As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant.

**I.      Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if the prisoner has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).  Mr. Lee filed a request for compassionate release with the Warden at his facility on January 13, 2021, which was denied. ECF No. 60-1.  Accordingly, I find he has satisfied the exhaustion requirement.

**II.     Extraordinary and Compelling Reasons**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements.  18 U.S.C. § 3582(c)(1)(A).  I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question.  *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases).  As the Fourth Circuit observed, district courts have discretion to independently assess whether circumstances meet the extraordinary and compelling threshold.  *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, *7 (4th Cir. Dec. 2, 2020).  More specifically, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'"  *Id.* at *9 (citing *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020).  And, while not binding, *id.*, the Sentencing Commission's policy statements may provide useful guidance.

The Sentencing Commission's policy statements in U.S.S.G. § 1B1.13 offer guidance here. Section 1B1.13 recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including the statement that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Lee requests compassionate release due to the concern he has for his health as a result of the COVID-19 pandemic. He does not, however, cite any medical conditions that increase his likelihood of severe illness should he again test positive for COVID-19, after stating that he previously tested positive in July of 2020. Def.'s Mot. 1.

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19. *See, e.g.*, *United States v. Jennings*, Case No.: 13-cr-46-PWG, 2020 WL 4748462, at *4 (D. Md. Aug. 17, 2020) (citing cases in this court and others and the application of multiple conditions). Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.

At present, I cannot find that Mr. Lee has established extraordinary and compelling circumstances sufficient to justify release. He apparently does not suffer from medical conditions that place him at higher risk of severe illness should he contract COVID-19 and the current status

4

at Edgefield FCI appears well-controlled among the inmate population. There is no basis in the motion for me to find extraordinary and compelling circumstances.

## III.   Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

While Mr. Lee argues that he is "striving to maintain good behavior," Def.'s Mot. 1, he has failed to articulate an adequate basis for finding the § 3553 factors favor release. Based on the record, I find that those factors do not support release at this time: Mr. Lee's offense was severe and, as noted, called for a far harsher sentence than what was ultimately imposed. The facts of the offense are troubling and include Mr. Lee brandishing a firearm at the victim, a jewelry store owner, and proceeding to restrain him with duct tape. ECF No. 17-1. That was just the first robbery. Less than a week later, Mr. Lee and his co-defendant committed a similar armed robbery at a pharmacy. *Id.* Considering Mr. Lee's criminal history category of VI as represented in the Presentence Investigation Report, ECF No. 21 at 12, I find that the nature and circumstances of the offenses weigh against release and that Mr. Lee remains a danger to the community. I also find that Mr. Lee does not put forth any evidence to support a finding in his favor on the sentencing factors.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a).

### IV. Appointment of Counsel

Federal Public Defender reviewed Mr. Lee's Motion for Compassionate Release and declined to supplement his motion or ask for appointment of counsel in this matter. ECF No. 62. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) ([T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). I find that appointment of counsel would not affect the resolution of this motion, and as a result, deny Mr. Lee's motion.

### CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Mr. Lee faces based on his incarceration. However, I find he has failed to establish extraordinary and compelling circumstances and that he would pose a danger to the community if released. I also find appointment of counsel is not warranted here. Therefore, Mr. Lee's motion for compassionate release and appointment of counsel is denied.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is this <u>10th</u> day of May 2021, hereby ORDERED that Darrell Lee's motion for compassionate release and for appointment of counsel, ECF No. 60, is DENIED.

___/S/___
Paul W. Grimm
United States District Judge
